Juan Valldejuli Rodríguez, Plaintiff and Appellant, *v.* Municipality of Toa Alta, Defendant and Appellee.

No. 5642. Argued January 13, 1932.—Decided January 21, 1932.

*J. Valldejuli, in pro. per.,* for appellant. *James R. Beverley, Attorney General,* and *M. Rodríguez Serra, Assistant Attorney General,* for appellee.

Mr. Justice Wolf delivered the opinion of the Court.

This was a suit to recover for professional services. As the case was decided on a demurrer there can be no doubt that at the instance of the mayor of Toa Alta, the plaintiff rendered services from which the municipality probably benefited. The whole matter involved is the interpretation to be given to section 29 of Act No. 92 of 1925, as follows:

"'\*    \*    \*    \*    \*    \*    \*

"The mayor shall be the chief executive and representative of the municipality and in such character he may appear in and maintain all kinds of actions and proceedings before any official or any court of justice.

"In no proceeding or action where the municipality, represented by the mayor, is a part, shall the mayor acquiesce in the complaint or fail to answer the same or submit such action or proceedings to arbitration without the consent of the municipal assembly, nor shall he pay for the services of a lawyer other than the lawyer of the municipality, without the consent of the municipal assembly. He shall supervise and superintend all municipal services. He shall prepare rules to which municipal officers and employees shall be

subject in the performance of their duties and obligations, and, further, in municipalities of the third class, he shall also have charge of municipal public works.

" * * * * * * * "

Whether the English or the Spanish text is taken into consideration it is evident that mayors can only make contracts with lawyers with the consent of the local assemblies. The intention of the act was that without the consent of the assembly no person other than the regular attorney should be employed. Any lawyer contracting with a municipality was bound to know the law. It is a case of *lex scripta* and the act of the mayor was beyond his powers.

The judgment should be affirmed.